UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>Plaintiff,<br><br>v.<br><br>DOLLAR HITS TEMPLE INC. et al.,<br><br>Defendants. | Case No. 2:19-cv-08741-MCS-GJS<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

The Court held a bench trial on March 24, 2021 concerning Plaintiff Brian Whitaker's Americans with Disabilities Act ("ADA") claim against Defendant Dollar Hits Temple Inc. After evaluating the evidence at trial, including witness credibility, the Court issues the following findings of fact and conclusions of law. The characterization of a finding as one of "fact" or "law" is not controlling. To the extent that a finding is characterized as one of "law" but is more properly characterized as one of "fact" (or vice versa), substance shall prevail over form.

I. **FINDINGS OF FACT**

1. Plaintiff is disabled within the meaning of the ADA.
2. Defendant owned or leased the Dollar Hits restaurant ("Restaurant") located at 2422 W. Temple Street, Los Angeles, California in September 2019 and currently

owns or leases the Restaurant, which is a business establishment open to the public.

3. Defendant offers interior and exterior dining tables for its patrons to use.

4. Plaintiff visited the Restaurant's exterior on September 27, 2019 and was reportedly frustrated to encounter outdoor dining tables with insufficient toe and knee clearance. *See* Direct Testimony Declaration of Brian Whitaker ("Whitaker Decl.") ¶¶ 6-15, ECF No. 68.

5. Plaintiff did not enter the Restaurant, purchase anything, and has not returned since his initial visit.

6. On October 9, 2019, Whitaker's investigator determined that the Restaurant's outdoor tables' toe clearance extended less than seventeen inches and found inaccessible restroom accessories. *See* Direct Testimony Declaration of Evens Louis ("Louis Decl.") ¶¶ 4-9, ECF No. 69.

7. Whitaker claims he is deterred from visiting the Restaurant because of his knowledge of the conditions of the dining tables and declares he would return to the Restaurant if these issues were rectified.

## II. CONCLUSIONS OF LAW

8. Title III of the ADA prohibits discrimination against persons with disabilities in places of public accommodation. *See* 42 U.S.C. § 12182(a).

9. To prevail on a Title III discrimination claim, the plaintiff must show that (1) [the plaintiff] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [the] disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).

10. The last element is satisfied if the defendant has failed to remove architectural barriers prohibited by the ADA or its implementing regulations where such removal is readily achievable. *Lozano v. C.A. Martinez Family Ltd. P'ship*, 129 F. Supp. 3d 967, 972 (S.D. Cal. 2015) (citing 42 U.S.C. § 12182(b)(2)(A)(iv)).

11. Where removal is not readily achievable, the last element may be satisfied if the defendant fails to make the public accommodation available "even though it could have done so through alternative methods without much difficulty or expense." *Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1039 (9th Cir. 2020).

12. Plaintiff proved the first two elements—that he is "disabled" and that Defendant is a private entity that owns, leases, or operates a place of public accommodation. But Plaintiff presented no evidence, let alone credible evidence, concerning whether removal of the barriers is readily achievable or "how the cost of removing the architectural barrier at issue does not exceed the benefits under the circumstances." *Id.* at 1038.

13. Plaintiff's ADA claim fails for this reason alone. 42 U.S.C. § 12182(b)(2)(A)(v).

14. Plaintiff also lacks standing to seek an injunction, which requires a showing of a "real and immediate threat" of recurrence of the alleged injury. *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1082 (9th Cir. 2004).

15. No credible information at trial suggested that Plaintiff intends to return to the Restaurant or that he is deterred by his sole visit to the Restaurant's exterior on September 27, 2019. The chance of recurrence is therefore remote.

16. Plaintiff has not proven his claim under Title III of the ADA.

17. The Court finds in favor of Defendant and against Plaintiff.

18. Defendant shall submit a proposed judgment to the chambers email address by no later than **April 12, 2021**.

**IT IS SO ORDERED.**

Dated: April 6, 2021

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE